IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLAUDIA WILTBANK-JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 11-1072-SLR ) |
| BENJAMIN WILTBANK, II, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 6th day of February, 2012;

IT IS ORDERED that the complaint for a temporary restraining order is dismissed for lack of subject matter jurisdiction and, in the alternative, as frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Claudia Wiltbank-Johnson ("plaintiff") filed this action on November 2, 2011, pursuant to 42 U.S.C. § 1985(3), seeking a temporary restraining order to "stop the unlawful felonious confederacy based misuse of process." (D.I. 2) She appears pro se and has been granted leave to proceed in forma pauperis. Plaintiff claims jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal

2

conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. The complaint is somewhat unintelligible but, it appears, that plaintiff wishes this court to enjoin the Court of Chancery of the State of Delaware from enforcing a judgment entered in Court of Chancery Case No. 2170-MA based upon what plaintiff believes is a racist court, discrimination, and errors by Chancellor Donald F.

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.*

3

Parsons, Jr.[2] Plaintiff claims there is collusion and a criminal design to steal her home. The court takes judicial notice that the underlying State case is a complaint for declaratory judgment, quiet title to real estate, and partition for the sale of real property. No federal civil rights are implicated by the underlying State case. (*See Brown v. Wiltbank*, Civ. No. 11-617-SLR at D.I. 12)

7. **Conspiracy**. To the extent that plaintiff attempts to raise a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), the claim fails. When bringing a § 1985(3) claim, a plaintiff must allege: (1) a conspiracy; (2) that the conspiracy is motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).

8. The complaint does not contain facts to support a claim that defendants engaged in a conspiracy. Nor does it allege a conspiracy motivated by race. While the complaint, in a conclusory manner, refers to a racist court, it does so in the context of plaintiff's displeasure with orders entered in the Court of Chancery case. The § 1985(3) claim fails to meet the pleading requirements of *Iqbal* and *Twombly*, and the pleading is

---

[2]Plaintiff removed the Court of Chancery case to this court. It was remanded to the Court of Chancery on January 26, 2012, for lack of subject matter jurisdiction. Plaintiff made similar allegations in her notice of removal to the those in the instant matter. *Brown v. Wiltbank*, Civ. No. 11-617-SLR (D. Del).

4

frivolous. The court, therefore, dismisses plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

9. **Injunctive Relief.** Plaintiff's request that this court enjoin the Court of Chancery also fails. The court cannot entertain such a request. The Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See Becker v. Evans*, 496 F.Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); *Clark v. United States Bank Nat'l Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted).

10. **Rooker-Feldman Doctrine.** In addition, the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over plaintiff's request, which effectively seeks to vacate an order of the Court of Chancery of the State of Delaware. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v.*

5

*Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The court finds that the *Rooker-Feldman* doctrine claim bars plaintiff's claim because the relief she seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). Here, plaintiff challenges the Court of Chancery's judgment. In addition, her constitutional claim of an alleged conspiracy is inextricably intertwined with the state court adjudication. Indeed, the claim of conspiracy under § 1985 can succeed only to the extent that the state court wrongly decided the issues before it. Thus, plaintiff asks the court to determine that the state court judgment was erroneously entered into and to grant relief in the form of an injunction to prevent the Court of Chancery from enforcing its order. This court does not have the power to grant such a request. Because the court does not have subject matter jurisdiction over this case, it will be dismissed.

11. **Younger Abstention Doctrine.** Finally, while not clear from the complaint's allegations, abstention may be implicated by reason of *Younger v. Harris*, 401 U.S. 37 (1971). The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings and applies to proceedings until all appellate remedies have been exhausted. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

12. Three requirements must be met for the application of the *Younger* doctrine: (1) the existence of an ongoing state proceeding which is judicial in nature; (2) an ongoing state proceeding which implicates important state interests; and (3) an ongoing state proceeding which presents an adequate opportunity to raise constitutional challenges in the state proceeding. *Id.* at 431-432. Additionally, the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. *Huffman v. Pursue Ltd.*, 420 U.S. at 608.

13. In this case, it appears that there is an ongoing state judicial proceeding. As to the second factor, the State of Delaware has a substantial interest in the fair administration of probate and real estate matters. Finally, the state court proceedings provide plaintiff with an adequate opportunity to present her federal claims. Based upon the foregoing, under the *Younger* abstention doctrine, the court must abstain from exercising jurisdiction over plaintiff's claims, and the complaint must be dismissed.

14. **Conclusion.** For the above reasons, the complaint is dismissed for lack of subject matter jurisdiction. In the alternative, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). The clerk of court is directed to close the case.

                                                                 /s/ 
                                                     UNITED STATES DISTRICT JUDGE